# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4041-18

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

C.A.M.,[1]

    Defendant-Appellant.

_____

        Submitted January 21, 2021 – Decided April 29, 2021

        Before Judges Alvarez and Mitterhoff.

        On appeal from the Superior Court of New Jersey, Law Division, Union County, Indictment No. 13-04-0344.

        Joseph E. Krakora, Public Defender, attorney for appellant (John V. Molitor, Designated Counsel, on the briefs).

        Lyndsay V. Ruotolo, Acting Union County Prosecutor, attorney for respondent (Milton S. Leibowitz, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

---

[1] We use initials for defendant's name to protect the identity of the minor victim. See R. 1:38-3(c)(9).

PER CURIAM

Defendant C.A.M. appeals from the March 19, 2019 denial of his petition for post-conviction relief (PCR) based on ineffective assistance of counsel. We affirm for the reasons stated by Judge Regina Caulfield, P.J.Cr., in her thoughtful, cogent, and well-reasoned fifty-one-page written decision.

Judge Caulfield was also the trial judge. Ultimately, defendant was convicted by a jury of a lesser-included count of third-degree aggravated criminal sexual contact, N.J.S.A. 2C:14-3(a) (count three); two counts of lesser-included fourth-degree criminal sexual contact, N.J.S.A. 2C:14-3(b) (counts six and nine); and second-degree child endangering, N.J.S.A. 2C:24-4(a)(1) (count ten). He was acquitted of six other counts, which included two counts of first-degree aggravated sexual assault, N.J.S.A. 2C:14-2(a)(2) (counts one and two); two counts of second-degree sexual assault, N.J.S.A. 2C:14-2(c)(1) (counts four and five); and two counts of second-degree sexual assault, N.J.S.A. 2C:14-2(c)(4) (counts seven and eight). Judge Caulfield sentenced defendant on February 5, 2016, to concurrent terms—six years of imprisonment on the second-degree endangering, count ten; four years on the third-degree sexual assault, count three; and one year each on the fourth-degree criminal sexual contact, counts six and nine. Defendant's convictions were affirmed on direct

appeal; the only issue he raised was ineffective assistance of counsel, and it was reserved for PCR. State v. C.A.M., No. A-2938-15 (App. Div. May 15, 2018) (slip op. at 7).

Now on appeal, defendant raises the following:

POINT I

THIS COURT SHOULD REVERSE THE TRIAL COURT'S DECISION TO DENY DEFENDANT'S PETITION FOR POST-CONVICTION RELIEF WITHOUT AN EVIDENTIARY HEARING BECAUSE DEFENDANT ESTABLISHED A PRIMA FACIE CASE [TRIAL COUNSEL] DID NOT PREPARE ADEQUATELY FOR TRIAL.

POINT II

THIS COURT SHOULD REVERSE THE TRIAL COURT'S DECISION TO DENY DEFENDANT'S PETITION FOR POST-CONVICTION RELIEF WITHOUT AN EVIDENTIARY HEARING BECAUSE DEFENDANT ESTABLISHED A PRIMA FACIE CASE [THAT TRIAL COUNSEL] DID NOT PREPARE SUFFICIENTLY TO OPPOSE THE STATE'S MOTION TO ADMIT FRESH COMPLAINT EVIDENCE.

POINT III

THIS COURT SHOULD REVERSE THE TRIAL COURT'S DECISION TO DENY DEFENDANT'S PETITION FOR POST-CONVICTION RELIEF WITHOUT AN EVIDENTIARY HEARING BECAUSE DEFENDANT ESTABLISHED A PRIMA FACIE CASE [TRIAL COUNSEL] DID NOT

3

PREPARE SUFFICIENTLY TO OPPOSE THE STATE'S MOTION TO ADMIT DEFENDANT'S STATEMENT IN EVIDENCE.

POINT IV

THIS COURT SHOULD REVERSE THE TRIAL COURT'S DECISION TO DENY DEFENDANT'S PETITION FOR POST-CONVICTION RELIEF WITHOUT AN EVIDENTIARY HEARING BECAUSE DEFENDANT ESTABLISHED A PRIMA FACIE CASE [TRIAL COUNSEL] DID NOT PREPARE SUFFICIENTLY TO LITIGATE DEFENDANT'S MOTION TO PERMIT . . . DEFENDANT TO CROSS-EXAMINE [THE VICTIM] ABOUT [HER] PSYCHIATRIC HISTORY.

POINT V

THIS COURT SHOULD REVERSE THE TRIAL COURT'S DECISION TO DENY DEFENDANT'S PETITION FOR POST-CONVICTION RELIEF WITHOUT AN EVIDENTIARY HEARING BECAUSE DEFENDANT ESTABLISHED A PRIMA FACIE CASE [TRIAL COUNSEL] DID NOT PREPARE SUFFICIENTLY TO LITIGATE DEFENDANT'S MOTION TO ADMIT EVIDENCE OF [THE VICTIM]'S PRIOR BAD ACTS.

POINT VI

THIS COURT SHOULD REVERSE THE TRIAL COURT'S DECISION TO DENY DEFENDANT'S PETITION FOR POST-CONVICTION RELIEF WITHOUT AN EVIDENTIARY HEARING BECAUSE DEFENDANT ESTABLISHED A PRIMA FACIE CASE [THAT TRIAL COUNSEL] DID NOT PREPARE SUFFICIENTLY TO LITIGATE

4

DEFENDANT'S MOTION TO PERMIT THE DEFENSE TO CROSS-EXAMINE [THE VICTIM] ABOUT [HER] IMMIGRATION STATUS.

POINT VII

THIS COURT SHOULD REVERSE THE TRIAL COURT'S DECISION TO DENY DEFENDANT'S PETITION FOR POST-CONVICTION RELIEF WITHOUT AN EVIDENTIARY HEARING BECAUSE DEFENDANT ESTABLISHED A PRIMA FACIE CASE OF INEFFECTIVE ASSISTANCE OF COUNSEL ON THE BASIS OF THE CUMULATIVE EFFECT OF [TRIAL COUNSEL]'S ERRORS AND LACK OF DILIGENCE.

As we have said, we rely on Judge Caulfield's comprehensive decision on the merits of each and every point. We add only the following very brief comments.

The proofs against defendant were strong. Not only did the victim testify, during the trial defendant acknowledged purchasing a sex toy for the victim, his then fourteen-year-old biological daughter, as he had in a previous statement made to police. In addition to that statement, the State moved into evidence the receipt for the purchase.

Defendant's trial counsel was disbarred on March 12, 2018, some three years after the trial. But as Judge Caulfield thoroughly explained, whatever the reasons for his disbarment, trial counsel obtained an excellent outcome for

defendant in this particular case. In the opinion, Judge Caulfield mentioned some of the strategic decisions that counsel made, to which he referred on the record during the trial.

Counsel's effectiveness is established by the following. Instead of being convicted of either of the two first-degree offenses, exposing him to ten to twenty years of imprisonment, N.J.S.A. 2C:43-6(a)(1), defendant was found guilty of one lesser-included third-degree crime, and sentenced to four years. Instead of being convicted of any of the three counts of second-degree offenses, exposing him to five to ten years of imprisonment, N.J.S.A. 2C:43-6(a)(2), defendant was found guilty of two lesser-included fourth-degree crimes, and sentenced to concurrent one-year terms.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4041-18